UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ADELA BLETHEN, )<br>)<br>      PLAINTIFF )<br>)<br>v. )<br>)<br>MAINEGENERAL REHABILITATION )<br>& NURSING CARE and MAINEGENERAL )<br>HEALTH, )<br>)<br>      DEFENDANTS ) | No. 2:11-cv-277-DBH |

**REPORT OF PRE-FILING CONFERENCE UNDER LOCAL RULE 56**

A pre-filing conference of the court and counsel was held on March 2, 2012, at 2:00 p.m.

Presiding:    D. Brock Hornby, United States District Judge

Appearances:    For Plaintiff:    Attorney Lisa J. Butler
                       For Defendants:    Attorney Katharine I. Rand
                                                 Attorney Ella L. Brown

Although there are various statutes involved (Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, the Maine Human Rights Act, 5 M.R.S.A. § 4551 *et seq.*, and the Maine Whistleblowers' Protection Act ("MWPA"), 26 M.R.S.A. § 831 *et seq.*, the parties agreed that there are five claims at issue in this employment case: (1) racially hostile environment; (2) adverse employment action (termination) based on race or (3) in retaliation for complaints about the racially hostile environment; (4) after a successful

grievance, later retaliation in failure to rehire in a different unit; and (5) final retaliatory change in status to "resigned."

<u>Racially Hostile Environment</u> (claim 1).  The defendants claim that the plaintiff's version as given at her deposition does not establish that patients' racially charged comments were sufficiently pervasive, that the plaintiff did not subjectively treat the patients' comments as hostile, and that some of the patients' racially charged comments should be discounted on account of the mental status of the particular patients.  The defendants will provide to the plaintiff by March 9, 2012, their factual version as supported by the plaintiff's deposition and any evidence of the patients' mental condition.

<u>Adverse Employment Action Claim Based on Race or Retaliation for Complaints About Racial Harassment</u> (claims 2 and 3).  The Director of Nursing made the termination recommendation.  Human Resources made the decision.  There is no evidence that Human Resources knew of the plaintiff's complaints at the time.  The plaintiff is using a "cat's paw theory" of liability based on animus on the part of the Director of Nursing.  At the conference there was some disagreement over the chronology and whether the Nursing Director also simultaneously recommended termination of a Caucasian on the same grounds (roughness with patients).

The defendants will furnish the plaintiff their version of the chronology of these events by March 9, 2012.

<u>Failure to Rehire</u> (claim 4).  There were two positions for which the plaintiff applied and at least one for which she interviewed with the hiring

manager. The defendants maintain that the hiring manager was not aware of the complaints the plaintiff had made and did not hire her because there was a more qualified candidate. The plaintiff asserts that she told the hiring manager enough for an inference that he/she was aware of the plaintiff's protected activity. With respect to the claim that the failure to rehire was based on race, the defendants contend that the same hiring manager hired the plaintiff two years earlier for a CNA position and that there is no evidence of racial discrimination in the failure to rehire. It was unclear at the conference whether the plaintiff has any claim of discriminatory motive in her failure to obtain the second position.

    <u>Change in Status</u> (claim 5). After the passage of time without the plaintiff gaining a new position after her successful grievance, the defendants changed the plaintiff's position to "resigned." There is apparently no formal policy on how long to permit an individual in the plaintiff's position to apply for positions as an internal candidate. The defendants argue that there is no evidence of animus, and the plaintiff claims pretext.

    I urged the parties to advance their strongest arguments. (It was apparent at the conference that one or more were weak arguments.) The defendants agreed to provide the plaintiff with a statement of facts on the racial discrimination claim and the sequencing of the termination by March 9, 2012. I requested that an employer organizational chart be provided with the summary judgment papers to clarify the position of various actors. The

defendants shall file their motion by March 23, 2012. The plaintiff shall respond by April 20, 2012. The defendants shall reply by April 27, 2012.

**SO ORDERED.**

**DATED THIS 6TH DAY OF MARCH, 2012**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**